Case 4:22-cv-00567   Document 21   Filed on 10/27/22 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
October 27, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE GAGGOS, JR., *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-0567 |
| WALMART DISTRIBUTION CENTER 7036, *Defendant*. | § § § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for a More Definite Statement. ECF 11.[1] Plaintiff filed a response (ECF 15)[2] and Defendant filed a reply (ECF 16). Having considered the parties' submissions and the applicable law, the Court RECOMMENDS that Defendant's Motion to Dismiss be GRANTED as to Plaintiff's Title VII claim and Defendant's Motion for a More Definite Statement be GRANTED as to any claim Plaintiff is attempting to assert under the Age Discrimination in Employment Act (ADEA) or Americans with Disabilities Act (ADA).

### I.  Background

Plaintiff, proceeding *pro se*, alleges that Defendant terminated his employment in violation Title VII of the Civil Rights Act of 1964. Defendant moves to dismiss Plaintiff's claim arguing that Plaintiff has failed to exhaust his Title VII claim because his previously filed EEOC Charge of Discrimination appears to allege discrimination based on age and/or disability but does not

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 4.

[2] Plaintiff captions his response "Motion for Summary Judgment and Response to Defendant's Motion to Dismiss Plaintiff's Summary Judgment," requesting that the Court deny Defendant's motion for dismissal and grant Plaintiff summary judgment pursuant to Federal Rule of Civil Procedure 56. Because the Court recommends dismissal of Plaintiff's current Complaint, and orders Plaintiff to replead, it also RECOMMENDS that Plaintiff's Motion for Summary Judgment be DENIED as moot.

allege discrimination based on any characteristic covered by Title VII. Defendant also argues that Plaintiff has not pleaded sufficient facts to state a claim for hostile work environment or discrimination under Title VII or a claim for age or disability discrimination under the ADEA and ADA, respectively.

## II.     Legal Standards

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). In assessing a motion to dismiss under Rule 12(b)6), the Court's review generally is limited to the complaint and any documents attached to it. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court applies a more lenient standard when analyzing the complaints of pro se plaintiffs, but they "must still plead factual allegations that raise the right to relief beyond the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## III.    Analysis

Defendant argues that because Plaintiff's EEOC charge of discrimination does not include any allegations of discrimination in violation of Title VII, Plaintiff's Title VII claim must be dismissed for failure to exhaust administrative remedies. ECF 11 at 3-4. Before pursuing Title VII claims in federal court, a plaintiff must exhaust administrative remedies by filing a charge with

the EEOC. *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1851 (2019) (while not jurisdictional, Title VII's charge-filing requirement is a mandatory processing rule). As the Fifth Circuit explained in *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006), the exhaustion requirement balances two competing Title VII policies. "On the one hand, because 'the provisions of Title VII were not designed for the sophisticated,' and because most complaints are initiated *pro se*, the scope of the EEOC complaint should be construed liberally." *Id*. (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 463 (5th Cir. 1970)). "On the other hand, a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." *Id*. at 788-89. Whether a plaintiff has exhausted a Title VII claim is determined "not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *Id*. at 791 (quoting *Sanchez*, 431 F.2d at 466). Therefore, "a Title VII lawsuit may include allegations like or related to" the allegations in the plaintiff's EEOC charge and "growing out of such allegations during the pendency of the case before the [EEOC]." *Stingley v. Watson Quality Ford, Jackson, MS*, 836 Fed. App'x 286, 291 (5th Cir. 2020) (quoting *McClain v. Lufkin, Indus., Inc.*, 519 F.3d 264, 272-73 (5th Cir. 2008)).

Although Plaintiff failed to attach his EEOC Charge to his Complaint, he did include with his Complaint an EEOC Notice of Rights Letter (ECF 1 at 5-9), Defendant's Position Statement (ECF 1 at 24-28), and Plaintiff's response to Defendant's Position Statement (ECF 1 at 13-16). Both Defendant's Position Statement and Plaintiff's Response indicate that Plaintiff alleged before the EEOC that Defendant unlawfully discriminated against him based on his age and disability. Neither document contains any reference to discrimination in violation of Title VII. Indeed,

3

nothing in Defendant's Complaint or supporting documents refers to characteristics protected by Title VII such as race, color, sex, or national origin. In both the exhibits attached to Plaintiff's Complaint and his response to the motion to dismiss, Plaintiff alleges discrimination based on disability, not based race, color, sex, or national origin. Because Plaintiff has failed to show either that his EEOC Charge alleged Title VII discrimination or that allegations of Title VII discrimination arose during the EEOC investigation, he has failed to exhaust administrative remedies as to any Title VII claim. Because Plaintiff failed to exhaust administrative remedies on any Title VII allegation, his Complaint, which alleges discrimination only under Title VII, must be dismissed.

Defendant moved in the alternative under Federal Rule of Civil Procedure 12(e), asking the Court to require Plaintiff to provide a more definite statement. The Court has considerable discretion in deciding whether to grant a Rule 12(e) motion. *Williams v. Trans Union, LLC*, No. 4:21-CV-2199, 2021 WL 5334381, at \*2 (S.D. Tex. Oct. 29, 2021), report and recommendation adopted, No. 4:21-CV-2199, 2021 WL 5331749 (S.D. Tex. Nov. 16, 2021) (citing *Residents Against Flooding v. Reinvestment Zone No. Seventeen, City of Houston, Texas*, 260 F. Supp. 3d 738, 757 (S.D. Tex. 2017), aff'd sub nom. *Residents Against Flooding v. Reinvestment Zone No. Seventeen*, 734 F. App'x 916 (5th Cir. 2018)). Having concluded that Plaintiff's Title VII claim must be dismissed, the Court does not address Defendant's alternative motion for a more definite statement as to the Title VII claim. However, the record indicates that Plaintiff filed an EEOC charge alleging age and disability discrimination. *See* ECF 11 at 3. Therefore, to the extent Plaintiff's pro se Complaint could be liberally construed as an attempt to plead claims under the

4

ADEA or ADA, the Court will consider the motion for more definite statement with respect to those claims.

Plaintiff's current Complaint is so vague, ambiguous, and incoherent that Defendant cannot reasonably understand whether Plaintiff intends to bring claims under the ADEA or ADA, much less prepare a responsive pleading addressing alleged violations of the ADEA or ADA. *See Williams v. Trans Union, LLC*, No. 4:21-CV-2199, 2021 WL 5334381, at *2 (a Rule 12(e) motion "should be granted when a Complaint is so vague and ambiguous that a defendant is prejudiced in its attempt to answer." (citations omitted)). Therefore, Defendant's motion for more definite statement is granted with respect to any alleged violations of the ADEA or ADA. Plaintiff must file an Amended Complaint that contains specific facts which support each element of any ADEA or ADA claim he intends to pursue. *See Brand Coupon Network, L.L.C.*, 748 F.3d at 635 (noting that a plaintiff's claim must contain enough facts to state a claim that is "plausible on its face," citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

### IV.     Conclusion and Recommendation

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss be GRANTED and that Plaintiff's Complaint be dismissed without prejudice for failure to exhaust administrative remedies as to any Title VII claim.

Further, the Court RECOMMENDS that Defendant's Motion to Dismiss be DENIED and Defendant's alternative motion for a more definite statement be GRANTED as to any claim of discrimination or retaliation under the ADEA or ADA, and that Plaintiff be ORDERED to file an Amended Complaint within 21 days of any Order adopting this Memorandum and Recommendation.

The Court also RECOMMENDS that to the extent Plaintiff's Response to the Motion to Dismiss (ECF No. 15) constitutes a Motion for Summary Judgment, it be DENIED as MOOT.

Signed on October 27, 2022, at Houston, Texas.

                                                Christina A. Bryan
                                        United States Magistrate Judge